UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MAXWELL HEIRSCH, INC. d/b/a<br>VISITING ANGELS<br><br>VERSUS<br><br>VELOCITY RISK UNDERWRITERS, LLC,<br>*et al.* | CIVIL ACTION<br><br>NO. 23-495<br><br>SECTION M (2) |

## ORDER & REASONS

Before the Court is a motion to compel arbitration and stay litigation pending arbitration filed by defendants Independent Specialty Insurance Company ("ISIC") and Certain Underwriters at Lloyds, London subscribing to Binding Authority No. B604510568622021 (collectively, "Certain Underwriters at Lloyd's," and together with "ISIC," the "Defendant Insurers").[1]  Plaintiff Maxwell Heirsch, Inc. d/b/a Visiting Angels ("Maxwell Heirsch") responds in opposition,[2] and the Defendant Insurers reply in further support of their motion.[3]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the Defendant Insurers' motion and staying this litigation while the parties pursue arbitration.

## I. BACKGROUND

This case arises from an insurance coverage dispute following Hurricane Ida, which made landfall on August 29, 2021.  Maxwell Heirsch alleges coverage for property it owns under a surplus lines commercial property insurance policy to which ISIC and Certain Underwriters at

---

[1] R. Doc. 22.  Velocity Risk Underwriters, LLC is also listed as a movant, but plaintiff's claims against it have been dismissed.  R. Doc. 21.
[2] R. Doc. 27.
[3] R. Doc. 33.

Lloyd's subscribed.[4] On February 8, 2023, Maxwell Heirsch filed this suit against the Defendant Insurers in this court seeking insurance proceeds and asserting that the Defendant Insurers acted in bad faith with respect to their handling of Maxwell Heirsch's claims.[5]

## II.     PENDING MOTION

The Defendant Insurers seek to compel arbitration and stay the litigation, arguing that the commercial property insurance policy to which they subscribed contains a valid arbitration agreement that falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), *opened for signature* June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38, because the members constituting Certain Underwriters at Lloyd's are foreign citizens.[6] The arbitration clause reads as follows:

> All matters in dispute between you and us (referred to in this policy as "the parties") in relation to this insurance, including this policy's formation and validity, and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner described below.
>
> ....
>
> Any Arbitration hearing shall take place in Nashville, Tennessee, unless some other locale is agreed by the Arbitrator or Arbitration Tribunal.
>
> The Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature.[7]

The Defendant Insurers also argue that the null-and-void defense is narrow and inapplicable, the delegation clause subjects all issues to arbitration, state law does not prevent the enforcement of the arbitration clause, and Maxwell Heirsch's bad-faith claims are subject to arbitration because they fundamentally arise from the policy.[8]

---

[4] R. Docs 1 at 3; 22-5 at 2.
[5] R. Doc. 1.
[6] R. Doc. 22-1 at 1-10.
[7] R. Doc. 22-5 at 37-38.
[8] R. Doc. 22-1 at 10-14.

In opposition, Maxwell Heirsch argues that the arbitration clause is invalid and "unenforceable because it is not an 'agreement in writing' signed by both parties as required by Article II of the Convention."[9] Alternatively, Maxwell Heirsch argues that, if the Court refers the parties to arbitration, it should find that Louisiana law governs those proceedings.[10]

The Defendant Insurers reply in further support of their motion, arguing that the arbitration clause need not be signed and that arbitration provisions can be contained in an exchange of letters or telegrams, as in this case.[11] They also note that this Court, in *Ashi Houma Hotels, LLC v. Independent Specialty Insurance Co.*, 2023 WL 2263822 (E.D. La. Feb. 28, 2023), previously rejected arguments identical to those made by Maxwell Heirsch here.[12] Finally, the Defendant Insurers argue that this Court should deny Maxwell Heirsch's request that it issue a ruling that Louisiana law governs this case in arbitration because Maxwell Heirsch cites no authority that this Court may do so at this stage of the litigation.[13]

### III.   LAW & ANALYSIS

There is a strong federal policy favoring arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*, 460 U.S. 1, 24-25 (1983). The Convention is an international treaty that provides citizens of the signatory countries with the right to enforce arbitration agreements. The purpose of the Convention is "to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Sherk v.*

---

[9] R. Doc. 27 at 3-6. Maxwell Heirsch further argues that the the Convention does not apply – leaving the Court without a basis for subject-matter jurisdiction – and the case should be remanded. *Id.* at 6-7. The Court will disregard this argument because Maxwell Heirsch filed the action in this court alleging diversity subject-matter jurisdiction under 28 U.S.C. § 1332. R. Doc. 1.
[10] R. Doc. 27 at 7.
[11] R. Doc. 33 at 1-7.
[12] *Id.* at 4-5.
[13] *Id.* at 7.

*Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974).  The Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 201-208, codifies the Convention and provides for its enforcement in United States courts.  *See id.* § 201 ("The Convention … shall be enforced in United States courts in accordance with this chapter."); *see also id.* § 206 ("A court having jurisdiction under this chapter may direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States.").

"In determining whether the Convention requires compelling arbitration in a given case, courts conduct only a very limited inquiry." *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 339 (5th Cir. 2004).  The Fifth Circuit has held that "a court should compel arbitration if (1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Id.* (quotation omitted).  The Fifth Circuit has found that the "agreement in writing" requirement (factor one) is satisfied if the arbitral clause is contained in a contract or if an arbitration agreement has been (i) signed by the parties or (ii) contained in an exchange of letters or telegrams.  *Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 (5th Cir. 1994).  Once these four factors have been found to exist in a given case, a district court must order arbitration "unless it finds that the [arbitration] agreement is null and void, inoperative or incapable of being performed." *Freudensprung*, 379 F.3d at 339 (quotation omitted).

Maxwell Heirsch does not dispute that factors two, three, and four are satisfied in this case, nor does it argue that the arbitration provision is null and void, inoperative, or incapable of being performed.[14]  Instead, it argues that the arbitration clause is not an "agreement in writing" because

---

[14] As for factor two, it is undisputed that the United States is a signatory to the Convention and that the arbitration clause at issue here refers the parties to arbitration in Tennessee.  As for factor three, it is undisputed that

4

there was no written agreement to arbitrate *signed* by both parties as required by the Convention.[15]

The Convention provides in pertinent part:

> 1. Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.
>
> 2. The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

Convention, art. II(1)-(2). The Fifth Circuit in *Sphere Drake* expressly rejected the argument Maxwell Heirsch advances here that the insurance contract containing the arbitral clause must be signed by both parties to fall under the Convention. *See also Goux Enters. v. Indian Harbor Ins. Co.,* 2023 WL 2955305, at *3-4 (E.D. La. Apr. 14, 2023) (following the "binding precedent" of *Sphere Drake*); *Ishwar Krupa, LLC v. Indep. Specialty Ins. Co.,* 2023 WL 2917438, at *2 (E.D. La. Apr. 12, 2023) (same). Maxwell Heirsch acknowledges the holding in *Sphere Drake* but nevertheless asks that the Court depart from this binding precedent because "there have been several developments in both the Fifth Circuit and in other circuit courts of appeal that have undermined [*Sphere Drake*'s] reasoning."[16]

The Court declines any such invitation. As a district court, the undersigned is duty bound to apply binding Fifth Circuit precedent "absent an intervening change in the law." *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008). This circuit's rule of orderliness *requires* such a conclusion, as not even a subsequent panel of the Fifth Circuit – let alone an order of a district court – may overturn a previous panel's decision, unless the applicable law has been changed "by

---

the issuance of the insurance policy – which contains the arbitration provision – arose out of a commercial legal relationship. And, as for factor four, it is undisputed that Certain Underwriters at Lloyd's is a foreign citizen.
  [15] R. Doc. 27 at 1-6 (emphasis added).
  [16] *Id.* at 2.

a statutory amendment, or the Supreme Court, or our *en banc* court." *Id.* (citing *United States v. Simkanin*, 420 F.3d 397, 420 n.25 (5th Cir. 2005)).  Maxwell Heirsch points to no intervening change in the law as would authorize this Court to disregard the Fifth Circuit's holding in *Sphere Drake*, and it is aware of none.[17]  Hence, Maxwell Heirsch's argument fails on this basis alone.

Under the Convention, then, an order compelling arbitration of this matter is appropriate, and section 3 of the FAA mandates that the Court "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement."  9 U.S.C. § 3.  Accordingly, the Court compels arbitration and stays the case pending arbitration.

Finally, Maxwell Heirsch requests that, should the Court refer the matter to arbitration, it issue a ruling that Louisiana law governs the proceedings in arbitration.  In doing so, Maxwell Heirsch seeks to preempt the Defendant Insurers' anticipated argument that the language of the arbitration clause[18] precludes the arbitration panel from awarding penalties and attorney's fees for bad-faith claims handling, as would be available under Louisiana law.[19]  Maxwell Heirsch does not cite to any relevant authority for the proposition that this Court can properly dictate the law to be applied in a future arbitration proceeding, nor does it address the fact that the Court's "limited inquiry" at this stage is confined to determining the applicability of the Convention to the arbitration clause at issue.  *Freudensprung*, 379 F.3d at 339.  Therefore, the Court denies Maxwell Heirsch's request.

---

[17] While a subsequent panel of the Fifth Circuit observed that the holding of *Sphere Drake* is in the minority of those circuits that have considered the question concerning the "agreement in writing" requirement, it expressly declined to revisit the issue.  *Neptune Shipmanagement Servs. PTE, Ltd. v. Dahiya*, 15 F.4th 630, 638 (5th Cir. 2021).

[18] The language at issue states that "[t]he Arbitration Tribunal may not award exemplary, punitive, multiple or other damages of a similar nature."  R. Doc. 22-5 at 38.

[19] R. Doc. 27 at 7.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Defendant Insurers' motion to compel arbitration and stay litigation (R. Doc. 22) is GRANTED.

IT IS FURTHER ORDERED that this matter is STAYED and ADMINISTRATIVELY CLOSED while the parties pursue arbitration. Any party may move to reopen these proceedings, if necessary, once arbitration is complete.

New Orleans, Louisiana, this 25th day of July, 2023.

                                                  BARRY W. ASHE
                                                  UNITED STATES DISTRICT JUDGE